■ AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to

section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated June 30, 1975, which (1) vacated a determination of the State Division of Human Rights, dated December 11, 1974, which dismissed the complaint of a discriminatory practice because of age and sex on a finding of no probable cause and (2) remanded the proceeding to the State division for further investigation. Petition granted, order of the State Human Rights Appeal Board annulled, on the law, without costs or disbursements, and determination of the State Division of Human Rights reinstated. No findings of fact were presented for review. In our opinion, the appeal board erred in determining that the State division's order, which dismissed the complaint on a finding of no probable cause, was arbitrary and capricious (see Executive Law, § 297-a, subd 7). The complainant, a 53-year-old woman who had been employed by the petitioner for more than 20 years, charged it with unlawful discrimination when it demoted her from the position of supervisor to that of clerk, a loss of a managerial position, salary and pension benefits. She claimed that she was demoted because of her sex and her age. The record, considered as a whole, clearly shows that this was not so and justifies the division's finding of no probable cause. It not only appears that the complainant was found by the petitioner to be performing her position unsatisfactorily, but that she was replaced by a woman several years her senior. Whether petitioner discriminated against women on the managerial level or was correct in its determination that the complainant's performance was unsatisfactory, are not the relevant issues here. The sole issue is whether or not petitioner discriminated against the complainant because of her age and sex by demoting her. Although those items which the appeal board directed the division to probe during the further investigation may bear upon the question of over-all discrimination, and may bear, tangentially, upon the issue herein relevant, we do not think that such speculation is either necessary or proper. Certainly, the failure of the division to probe those issues initially does not, in consideration of the record herein presented, render the division's determination arbitrary and capricious. In this respect, the appeal board impermissibly exceeded the limited scope of its own review and arbitrarily substituted its own judgment for that of the division when it vacated the latter's order (see *Long Is. R. R. Co. v New York State Div. of Human Rights*, 42 AD2d 857). Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.